SUMMARY ORDER

Petitioner Bi Yu Zhang, a native and citizen of the People’s Republic of China, seeks review of the March 26, 2008 order of the BIA denying her motion to reopen. In re Bi Yu Zhang, No. A79 429 930 (B.I.A. Mar. 26, 2008). We assume the *700 parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Azmond Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). We will construe petitioner’s pro se submission liberally and interpret it to raise the strongest argument that it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006).
Zhang does not dispute that her December 2007 motion to reopen was filed over two years after the BIA’s October 2005 decision. The BIA thus properly observed that her motion was untimely, unless she established that she was newly eligible for asylum based on changed circumstances arising in China. See 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). We find no error in the BIA’s conclusion that Zhang’s decision to begin practicing Falun Gong was a change in her personal circumstances, not changed circumstances arising in China. Cf. Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005). Although an applicant may establish eligibility for asylum solely on the basis of a likelihood of persecution on account of activities undertaken since arriving in the U.S., see Kyaw Zwar Tun v. INS, 445 F.3d 554, 570 (2d Cir.2006), because Zhang filed an untimely motion to reopen her proceedings to reapply for asylum, she was required to establish changed circumstances arising in China. See 8 C.F.R. § 1003.2(c)(3) (ii).
Moreover, the BIA did not err in failing to consider whether there were changed circumstances in China regarding its treatment of Falun Gong practitioners where the evidence cited in Zhang’s motion was not submitted to the BIA. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (providing that the BIA may deny a motion to reopen for failure to provide material evidence); 8 C.F.R. § 1003.2(c)(2). Zhang did not explain why the documents she discussed were not attached to her motion, nor did she ask the BIA to take administrative notice of them. In light of the foregoing, the BIA’s denial of Zhang’s motion as untimely was not an abuse of discretion.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.